FILED
OCT 05 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GABRIEL J. QUINONES, ALEJANDRO LOPEZ, and MAXIMILIANO ALVAREZ a/k/a IMANUEL EZKIEL REYES-JIMENEZ, on behalf of themselves and all other persons similarly situated, known and unknown,<br><br>Plaintiffs,<br><br>v.<br><br>LE FRANCAIS MANAGEMENT LLC, and MICHAEL J. MORAN, individually,<br><br>Defendants. | 07CV 5687<br>JUDGE GOTTSCHALL<br>MAGISTRATE JUDGE VALDEZ |

## COMPLAINT

Plaintiffs Gabriel J. Quinones, Alejandro Lopez, and Maximiliano Alvarez a/k/a Imanuel Ezkiel Reyes-Jimenez on behalf of themselves and all other persons similarly situated, known and unknown, through their attorneys, for their Complaint against Defendants Le Francais Management LLC, and Michael J. Moran, individually, state as follows:

**NATURE OF PLAINTIFFS' CLAIMS**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), for Defendants' failure to pay overtime wages to Plaintiffs and other similarly situated persons. During the course of Plaintiffs' employment, Defendants did not pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours per week. Defendants also failed to pay other similarly situated persons overtime wages for all time worked in excess of forty (40) hours per week. Defendants' unlawful compensation practices have had the effect of denying Plaintiffs and other similarly situated persons their earned wages. Copies of Plaintiffs' consent forms to act as representative Plaintiffs in this collective action under the FLSA are attached hereto as Group

Exhibit A. Plaintiff Gabriel Quinones also asserts a claim for unjust enrichment arising from Defendants' illegal retention of his earned tips.

**THE PARTIES**

2. Plaintiffs are former employees of Defendants who were employed by Defendants in this judicial district. Plaintiffs reside in and are domiciled within this judicial district.

3. During the course of their employment, Plaintiffs engaged in commerce or in the production of goods for commerce.

4. During the course of their employment, Plaintiffs handled goods that moved in interstate commerce, including perishable produce and other food products.

5. Defendant Le Francais Management LLC is an Illinois corporation doing business within this judicial district.

6. Defendant Le Francais Management LLC is an "enterprise" as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

7. At all material times hereto, Defendant Le Francais Management LLC was Plaintiffs' "employer" as defined by the FLSA, 29 U.S.C. §203(d), and by the IMWL, 820 ILCS 105/3(c).

8. Defendant Michael Moran is an officer and principal shareholder of Le Francais Management, LLC. Defendant Moran is involved in the day to day business operations of Le Francais Management, LLC. Among other things, Defendant Moran has the authority to hire and fire employees, to direct and supervise the work of the employees, sign on the checking accounts, including payroll accounts, and participate in decisions regarding employee

compensation and capital expenditures for Le Francais Management, LLC.

9. At all material times hereto, Defendant Moran was Plaintiffs' "employer" as defined by the FLSA, 29 U.S.C. §203(d), and the IMWL, 820 ILCS 105/3(c). Defendant Moran resides in this judicial district.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

### COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages
### (Plaintiffs on their own behalf and on behalf of similarly situated persons)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 10 of this Complaint, as if fully set forth herein.

11. This count arises from Defendants' violation of the FLSA, 29 U.S.C. § 201 *et seq.*, for Defendants' failure to pay overtime wages to Plaintiffs and other similarly situated employees for all time they worked for Defendants in individual work weeks.

12. Plaintiffs worked for Defendants and were "employee(s)" of Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

13. Defendants were Plaintiffs' "employer(s)" subject to the FLSA, 29 U.S.C. §201 *et seq.*

14. During the course of their employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207.

15. Plaintiffs were directed by Defendants to work, and did so work, in excess of

forty (40) hours per week. For example, for the biweekly pay period between November 24, 2006 and December 8, 2006, Plaintiff Gabriel Quinones was required to work, and did work 118 hours and 22 minutes. See Plaintiff Quinones' pay stub for that period attached hereto as Exhibit B.

16. Other similarly situated employees were likewise directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

17. Pursuant to 29 U.S.C. § 207, for all time Plaintiffs and other similarly situated employees worked in excess of forty (40) hours in individual workweeks, they were entitled to be compensated at a rate of one and one-half times their regular rate of pay.

18. Defendants did not compensate Plaintiffs at a rate of one and one-half times their regular hourly rate of pay for all time they worked in excess of forty (40) hours in individual workweeks. For example, although Plaintiff Gabriel Quinones worked a total of 118 hours and 22 minutes in the biweekly pay period between November 24, 2006 and December 8, 2006, Defendants compensated Plaintiff Gabriel Quinones at his regular rate of pay of $6.50 per hour for all time he worked, including time he worked in excess of forty hours per week. See Exhibit B.

19. Defendants likewise did not compensate other similarly situated employees at a rate of one and one-half times their regular rate of pay for all time they worked in excess of forty (40) hours in individual workweeks.

20. Defendants' failure and refusal to pay overtime wages to Plaintiffs and similarly situated employees for all time worked in excess of forty (40) hours per week was a violation of the FLSA, 29 U.S.C. § 207.

21. Defendants' failure and refusal to pay overtime wages to Plaintiffs and similarly

4

situated employees for all time worked in excess of forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. § 207.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiffs' and other similarly situated employees' regular rate of pay for all time they worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages
### (Plaintiffs individually only)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 21 of this Complaint, as if fully set forth herein.

22. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

23. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS 105/4a. Plaintiffs bring this action pursuant to 820 ILCS 105/12(a).

24. At all relevant times herein, Defendants were Plaintiffs' "employer(s)" as defined in the IMWL, 820 ILCS 105/3(c), and Plaintiffs were Defendants' "employee(s)" within the meaning of that Act.

25. Pursuant to 820 ILCS 105/4a, for all time Plaintiffs worked in excess of forty (40)

hours in individual workweeks, they were entitled to be compensated at one and one-half times their regular rate of pay for time worked in excess of forty (40) hours per week.

26. Defendants did not pay Plaintiffs one and one-half times their regular rate of pay for all time worked in excess of forty (40) hours per week.

27. Defendants violated the IMWL by refusing to compensate Plaintiffs at one and one-half times their regular rate of pay for all time worked in excess of forty (40) hours per week.

28. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiffs' regular rate for all time Plaintiffs worked in excess of forty (40) hours per week;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
## UNJUST ENRICHMENT
### (Plaintiff Quinones, individually only)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 28 of this Complaint.

29. During the course of Plaintiff Quinones' employment, customers at Defendants' restaurants gave gratuities or tips to Plaintiff Quinones for the service that Plaintiff Quinones provided. The tips were intended by customers to be received by Plaintiff Quinones, and not by Defendants.

30. Plaintiff Quinones was not allowed to retain all the tips given to him by customers

of Defendants. Instead, during the course of Plaintiff Quinones' employment, Plaintiff Quinones received tips in proportion to his "tip points," which would sometimes change, and Defendants shorted Plaintiff Quinones the tips he was due.

31. Defendants obtained the at-issue tips through wrongful conduct through their violation of Federal and State wage and hour laws. It would be unjust to allow Defendants to retain the at-issue tips because the customers who paid those tips intended them to be received by Plaintiff Quinones, not Defendants.

32. Defendants were unjustly enriched to Plaintiff Quinones' detriment by their illegally retaining Plaintiff Quinones' earned tips. Allowing Defendants to retain Plaintiff Quinones' earned tips would violate the fundamental principles of justice, equity, and good conscience.

33. Plaintiff Quinones has been damaged by Defendants retaining his earned tips.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. Defendants be required to disgorge themselves of Plaintiff's tips that were illegally withheld;

B. The full amount of unpaid wages and prejudgment interest owed to Plaintiff by Defendants;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: October 5, 2007

_____
DOUGLAS M. WERMAN (ARDC #6204740)
MAUREEN A. BANTZ (ARDC #6289000)
Werman Law Office, P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
(312) 419-1008
Attorneys for Plaintiffs

# GROUP EXHIBIT A

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by Le Francais Management, LLC , or its parents, subsidiary or affiliated companies, within the prior three (3) years, that I have worked for Defendants time in excess of forty (40) hours in individual work weeks, and have not been paid all of the overtime wages owed to me pursuant to 29 U.S.C. §207. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: __GABRIEL QUINONES__   (Print your name)

Signature: __Gabriel Quinones__

Date on which I signed this Notice: __07 / 16 / 07__
(Today's date)

### NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A
### COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by the Le Francais Management, LLC y Michael Moran within the prior three (3) years, that I have worked for Defendants time in excess of forty (40) hours in individual work weeks, and have not been paid all of the overtime wages owed to me pursuant to 29 U.S.C. §207. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: __Alejandro López__ (print your name)

Signature: _____

Date on which I signed this Notice: __8/06/07__
(today's date)

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A
## COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by the Le Francais Management, LLC and Michael Moran within the prior three (3) years, that I have worked for Defendants time in excess of forty (40) hours in individual work weeks, and have not been paid all of the overtime wages owed to me pursuant to 29 U.S.C. §207. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: _Maximiliano Alvarez_ (print your name)

Signature: _Maximiliano Alvarez_

Date on which I signed this Notice: _8/20/07_
(today's date)

# EXHIBIT B

Le Francais Management LLC

9830

**Employee**
Gabriel J. Quinonez, 907 East Babcock Avenue, Addison, IL 60101

**SSN** ***-**-5290
**Status (Fed/State)** Married/Withhold
**Pay Period:** 11/24/2006 - 12/08/2006
**Allowances/Extra** Fed-1/0/IL-1/0
**Pay Date:** 12/16/2006

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Hourly Rate | 118:22 | 6.50 | 769.38 | 17,082.33 |
| Reported Tips In | | | 1,309.75 | 24,971.45 |
| | | | 2,079.13 | 42,053.78 |

| Taxes | Current | YTD Amount |
|---|---|---|
| Federal Withholding | -210.00 | -3,970.00 |
| Social Security Employee | -128.90 | -2,607.33 |
| Medicare Employee | -30.15 | -609.78 |
| IL - Withholding | -69.87 | -1,204.10 |
| | -428.92 | -8,391.21 |

| Net Pay | 1,650.21 | 33,662.57 |

Le Francais, 269 South Milwaukee Avenue, Wheeling, IL 60090 847.541.7470, Le Francais Management, LLC